# EXHIBIT 3

CAUSE NO. 202135618 DELIVERED JUN 18 2021

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 938046 TRACKING NO: 73880885

| Plaintiff: | In The 080th |
|---|---|
| LOPEZ, MARIA GONZALEZ | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| COCA-COLA SOUTHWEST BEVERAGES LLC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To: COCA-COLA SOUTHWEST BEVERAGES LLC (AS A FOREIGN FOR-PROFIT CORPORATION) BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY (D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY)
211 E 7TH STREET SUITE 620, AUSTIN TX 78701
OR WHEREVER IT MAY BE FOUND

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on June 14, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on June 16, 2021, under my hand and seal of said court.

Marilyn Burgess

Issued at the request of:

PAXTON, RICHARD
515 POST OAK BLVD. STE. 510
HOUSTON, TX 77027-
281-978-2244
Bar Number: 24000558



Marilyn Burgess, District Clerk
Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: RHONDA MOMON

Tracking Number: 73880885

## CAUSE NUMBER: 202135618

| | |
|---|---|
| PLAINTIFF: LOPEZ, MARIA GONZALEZ | In the 080th |
| vs. | Judicial District Court of |
| DEFENDANT: COCA-COLA SOUTHWEST BEVERAGES LLC | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
Affiant                                                                                        Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

Case 4:21-cv-02307   Document 1-3   Filed on 07/16/21 in TXSD   Page 4 of 9

6/14/2021 3:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54396233
By: Rhonda Momon
Filed: 6/14/2021 3:42 PM

CAUSE. NO. _____

| MARIA GONZALEZ LOPEZ | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | |
| | § | |
| COCA-COLA SOUTHWEST | § | HARRIS COUNTY, TEXAS |
| BEVERAGES, LLC, THE COCA-COLA | § | |
| COMPANY, AND TARGET | § | |
| CORPORATION | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, MARIA GONZALEZ LOPEZ ("Plaintiff"), and files this Original Petition complaining of and against COCA-COLA SOUTHWEST BEVERAGES, LLC, THE COCA-COLA COMPANY (collectively referred to as "Coca-Cola"), and TARGET CORPORATION ("Target") (collectively known as "Defendants") and would respectfully show the Court the following:

### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### PARTIES

Plaintiff is MARIA CONCEPCION GONZALEZ LOPEZ. Plaintiff is a resident of Harris County, Texas.

Defendant, COCA-COLA SOUTHWEST BEVERAGES, LLC, is a foreign for-profit corporation organized and existing under the laws of the State of Texas and is duly licensed to conduct business in the State of Texas. It and may be served with citation by serving its

Registered Agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

Defendant, THE COCA-COLA COMPANY, is a foreign for-profit corporation organized and existing under the laws of the State of Texas and is duly licensed to conduct business in the State of Texas. It and may be served with citation by serving its Registered Agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, TX 75201, or wherever it may be found.

Defendant, TARGET CORPORATION, is a foreign for-profit corporation duly existing and doing business pursuant to the laws of the State of Texas and may be served with citation by serving its Registered Agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, TX 75201, or wherever it may be found.

## MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer' and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court.

Venue of this lawsuit is proper in Harris County, Texas pursuant to Texas Civil Practices & Remedies Code Section § 15.002 (a)(1) because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

The amount of Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental

anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom for the jury to determine an amount that would fairly and reasonably compensate her. However, in order to comply with the Rule 47 of the Texas Rules of Texas Rules of Civil Procedure, Plaintiff is required to plead the amount she is seeking. Therefore, pursuant to Rule 47, Plaintiff pleads to the Court that she is only seeking relief over $250,000.00 but less than $1,000,000.00.

## FACTS

On or about June 17, 2019, during normal business hours, Plaintiff entered Defendant Target's business premises located at 8503 S. Sam Houston Parkway East, Houston, Texas 77075. Defendant Target maintained control of the premises where the incident occurred.

Defendant Target extended an open invitation to the public, including Plaintiff, to enter the premises and purchase goods and services being sold by the Defendant Target. Plaintiff entered the premises for the purpose of purchasing goods and services. Accordingly, Plaintiff was a business invitee to whom Defendant Target owed the duty to use ordinary care in making its premises reasonably safe and/or warning Plaintiff of any dangerous conditions and/or activities existing upon said premises.

Upon information and belief, the Coca-Cola defendants' employee spilled a beverage leaving cracked glass on the floor. The employee then failed to clean the spilled liquid and cracked glass in addition to failing to warn the Plaintiff of the liquid and glass on the floor. As a result, when the Plaintiff was walking near the cashier stations where the beverage was dropped, she slipped on liquid and broken glass that was on the floor. Plaintiff's fall discussed above proximately caused the injuries and damages more specifically described herein.

## NEGLIGENCE OF TARGET CORPORATION

On the occasion in question, the Defendant, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

1. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

2. In failing to warn invitees, including the Plaintiff of the unreasonably dangerous condition of the premises in question;

3. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition in question;

4. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

5. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe;

6. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe; and

7. In failing to properly warn the public.

Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and the Plaintiff's injuries and damages pled herein.

## NEGLIGENCE OF COCA-COLA SOUTHWEST BEVERAGES, LLC AND THE COCA-COLA COMPANY

On the occasion in question, the Defendants, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the

incident in question; to wit:

1. In negligently spilling a beverage on the floor;

2. In failing to clean the spill and broken glass; and

3. In failing to warn the public of the spill and cracked glass.

Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and the Plaintiff's injuries and damages pled herein.

## DAMAGES

As a proximate cause of Defendant's negligence, Plaintiff sustained the following damages:

1. Medical charges and expenses in the past;

2. Medical charges and expenses that, in reasonable medical probability, will be incurred in the future;

3. Pain and suffering in the past;

4. Pain and suffering that, in reasonable probability, will be suffered in the future;

5. Mental anguish suffered in the past;

6. Mental anguish that, in reasonable probability, will be suffered in the future;

7. Disability and impairment in the past;

8. Disability and impairment that, in reasonable probability, will occur in the future;

9. The loss and/or reduction of earnings and/or earning capacity sustained by Plaintiff from the date of the occurrence in question up to the time of trial and will suffer in the future.

10. Physical disfigurement in the past and future; and

11. Loss of enjoyment of life in the past and future.

Based on the above enumerated injuries and damages which were caused by the negligent acts and/or omissions of the Defendant, Plaintiff pleads for actual damages in an amount that the

jury deems reasonable under the circumstances which exceed the minimum jurisdictional limits of the Court.

## PRE-JUDGMENT INTEREST

Additionally, Plaintiff would show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recover actual damages as specified above from the Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**Paxton Law Firm**

By: /s/ Richard G. Paxton
Richard G. Paxton
State Bar No. 24000558
Litigation@paxtonlaw.com
515 Post Oak Blvd., Suite 510
Houston, Texas 77027
Tel: (281) 978-2244
Fax: (281) 978-2121